IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR LEE HICKS, | ) | 1:08-CV-0611-OWW WMW |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS RE |
| vs. | ) ) | DISMISSAL OF PETITION |
| J. LOPEZ, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and finds that it must be dismissed.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. In this case, Petitioner is not challenging his conviction, but rather challenges the confiscation of a radio by prison officials. Accordingly, the court finds that the proper vehicle for Petitioner to pursue his claims is through a civil rights action pursuant to 42 U.S.C. § 1983.

Based on the above, IT IS HEREBY RECOMMEND as follows:

1) The petition for writ of habeas corpus be DISMISSED without prejudice to Petitioner's right to file an appropriate civil rights action; and

2) The Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

1  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4  IT IS SO ORDERED.

5  **Dated:   June 12, 2008**              **/s/  William M. Wunderlich**
                                             UNITED STATES MAGISTRATE JUDGE

3